The King *v.* Kalailoa.

## SUPREME COURT—IN BANCO.

### OCTOBER TERM—1877.

*Judd and McCully, J.J.*

### THE KING *vs.* KALAILOA.

ON APPEAL ON POINT OF LAW.

THE OFFENSE OF "illicit cohabitation" is not one known to the law.

Unlawful sexual intercourse is, under the statutes of this Kingdom, either adultery or fornication, and the cohabiting of a man and woman who are not married to each other must be prosecuted as one or the other of these offenses.

Opinion of the Court by JUDD, J.

The defendant was charged in the Police Court with the offense of "illicit cohabitation," to which he objected that it was not an offense defined by statute. This objection was overruled *pro forma*, and he appealed to the Supreme Court in banco.

In order to an understanding of this case, some review of the legislation on this subject becomes necessary.

In the Penal Code of 1850, in Chapter XIII., appears the following section:

"Section 5. A man and woman who not being married to each other, lewdly associate and cohabit together, shall each be punished by a fine not exceeding one hundred dollars, or imprisonment at hard labor not more than one year."

The lewdly associating and cohabiting together of a man and woman not married to each other, is here made an offense distinct from fornication. The index of this chapter calls this offense "Illicit Cohabitation."

On the 22d of June, 1852, the Legislature passed the following law:

"An Act to abolish the law of Illicit Cohabitation.

"Whereas, The law relating to illicit cohabitation is misunderstood by the District Justices, misapplied, and made the engine of great oppression; therefore,

"Be it enacted by the Nobles and Representatives of the Hawaiian
    Islands in Legislative Council assembled:

"Section 1. The 5th Section of the 13th Chapter of the Penal Code, relating to illicit cohabitation, shall be and is hereby repealed, and such offense shall hereafter be punished as adultery."

On the 14th of February, 1859, the 13th Chapter of the Penal Code was amended by lessening the punishment for adultery and fornication, and again in 1866, the Legislature passed an Act amending the law relating to adultery and fornication, this time increasing the punishments for these offenses.

In the compilation of the Penal Laws of this Kingdom, made in 1869 and adopted by the Legislature in 1870, as the law of the land, we find Section 7 of Chapter 13 as follows:

"As amended by the Act of June 22d, 1852, illicit cohabitation shall hereafter be punished as adultery."

It is conceded that the Courts cannot recognize and punish offenses which are not defined and made such by statute. In this Kingdom where a Penal Code has been adopted, there are no offenses at common law.

Now it seems to us that the plain intention of the Legislature when it enacted the law "to abolish the law of illicit cohabitation," was to do away with the distinctive offense of "lewd association and cohabitation of a man and woman not married to each other," a state of living together from which illicit sexual intercourse is inferable. The Legislature has also added that such living together is punishable as adultery. This appears to be as if the Legislature had said in terms, viz.: "The gist of the offense of illicit cohabitation is the

The King *v.* Kalailoa.

unlawful sexual intercourse which this living together presumes; hereafter it shall be punished as such." If the Legislature had merely intended to lessen the punishment by saying that this offense should have the same punishment as adultery, the mischief which the preamble recites and which the repeal of the section was intended to remedy, would still exist.

Now adultery is defined by our laws as an offense, so also is fornication. The former being in violation of the sanctity of the marriage relation, is punishable more severely than the latter. But both of these definitions cover the ordinary cases of violations of the laws of purity and virtue. It is not sufficient, as it seems to us, to say that these words "illicit cohabitation" mean something. What they mean must be declared by the law to be contrary to the law and punishable by law. "Illicit" means "unlawful or forbidden," and "cohabitation" means a "living together as man and wife." But it needs a further statement to that effect to show that the living together of a man and woman who have not intermarried is illicit or unlawful.

Penal laws must be construed strictly: Nothing can be taken by implication as against a person accused.

It may not be presumed that (in holding, as we do, that the law does not now recognize the distinctive offense of illicit cohabitation) there is no law which will punish cohabiting and living together of a man and woman who are not married, and that only exact proof of positive acts of sexual intercourse will warrant convictions. We do not so hold. All the facts and circumstances that lead to the fair inference of adultery or fornication as a necessary conclusion may be shown in evidence under prosecutions for adultery or fornication, precisely as they would be if the prosecution was for illicit cohabitation.

As Lord Stowell has said, "It is not necessary to prove the direct fact of adultery, because if it were otherwise, there is

not one case in a hundred in which that proof would be attainable; it is very rarely, indeed, that the parties are surprised in the direct fact of adultery. The circumstances must be such as would lead the guarded discretion of a reasonable and just man to the conclusion." 2 Greenleaf, Section 40.

This ruling need have no effect to relax the execution of the laws on this subject.

The judgment of the Court is that the objection taken by the defendant is good, and he is accordingly discharged.

The case of Rex vs. Kahelemauna being the same as this, the same judgment is made in that case.

Hon. A. S. Hartwell, Attorney General, for the Crown.

E. Preston and C. Brown for defendant Kalailoa.

W. R. Castle for defendant Kahelemauna.

Honolulu, October 31st, 1877.